UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES MACK TAYLOR,            )<br>                                                      )<br>        Plaintiff,                           )<br>                                                      )<br>        vs.                                      )     No. 1:15-cv-00945-TWP-TAB<br>                                                      )<br>WRIGHT Officer,                           )<br>KEITH BUTTS Superintendent, )<br>HURST Officer,                             )<br>ALTMAN Officer,                         )<br>STRONG Officer,                          )<br>BIAS Officer,                                )<br>LESTER Officer,                            )<br>                                                      )<br>        Defendants.                       )  | |

**Entry Dismissing Case and Directing Issuance of Final Judgment**

On June 18, 2015, the Court directed Plaintiff Charles Mack Taylor to show cause as to why this case should not be dismissed as duplicative of *Taylor v. Butts*, No. 1:15-cv-00874-TWP-TAB. Mr. Taylor has responded to the Court's show cause order. In his response, Mr. Taylor asserts that this case should not be dismissed because the defendants violated his constitutional rights by assaulting him in his cell.

A lawsuit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). "A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see Rizzo v. City of Wheaton, Ill.*, 462 Fed. Appx. 609, 613 (7th Cir. 2011) ("District courts have ample discretion to dismiss duplicative litigation. . . ."). Mr. Taylor contends that the defendants in this case have violated his

constitutional rights, but he has not explained why this case should not be dismissed as duplicative of the claims that have been raised in *Taylor v. Butts*, No. 1:15-cv-00874-TWP-TAB. In that case he alleges that the defendants—several of whom are also defendants in this case—sexually assaulted him in his cell in December 2014 through January 2015. His allegations in this case are essentially the same. Therefore, because the "claims, parties, and available relief do not significantly differ between the two actions," *Serlin*, 3 F.3d at 223, this action is **dismissed without prejudice** as duplicative. The Court again reminds Mr. Taylor that if he desires to sue defendants named in this case that are not named in *Taylor v. Butts*, No. 1:15-cv-00874-TWP-TAB, he may file a motion to amend his complaint in No. 1:15-cv-00874-TWP-TAB to add those persons as defendants.

Given the foregoing, Mr. Taylor's motion for leave to proceed *in forma pauperis* [dkt 10] is **denied as moot**. Judgment consistent with this entry shall now issue.

IT IS SO ORDERED.

Date: 8/18/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES MACK TAYLOR
994511
NEW CASTLE PSYCHIATRIC UNIT
P.O. Box A
New Castle, IN 47362